# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Task Force Officer Brian VanHouten, having been duly sworn, hereby deposes and states as follows:

1. I am an investigator with the Columbia Police Department (CPD), and have been so employed since June 2001. I am currently assigned to serve as a Task Force Officer with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been a member of the task force for seventeen years. In that capacity, it is my duty to investigate violations of federal firearms, narcotics, and violent crime statutes.

2. I am submitting this affidavit in support of the belief that there is probable cause to issue an arrest warrant for NORMAN C. MITCHELL Jr. (hereinafter MITCHELL), charging him with Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1).

In support of this belief, I assert the following:

3. On May 25, 2023, Officers with the Columbia Police Department were notified by Richland County 911 Communications Center to respond to the 700 block of Elmwood Avenue, Columbia, South Carolina in regard to a male in the roadway pointing a firearm at passing vehicles. Police Officer Shealy was approximately one block away from the location and was the first to arrive on scene. As Police Officer Shealy arrived on scene, he witnessed a black male, later identified as NORMAN C. MITCHELL Jr., in the middle of the roadway presenting a firearm at vehicles as they were traveling inbound off of I-126 onto Elmwood Avenue. Officer Shealy quickly exited his vehicle, unholstered his duty-issued firearm and gave loud verbal commands to drop the firearm. After receiving the police commands, MITCHELL placed the loaded firearm on top of the concrete middle divider. Officer Shealy then tactically approached MITCHELL, placed handcuffs on him, and conducted a *Terry* search of his person. During the search, no additional illegal items were located on his person. Officer Shealy advised MITCHELL that he was under arrest and placed him into the back of his marked Columbia Police vehicle.

4. Officer Shealy advised MITCHELL of his *Miranda* rights, and MITCHELL agreed to speak to officers freely and voluntarily without an attorney present. MITCHELL advised officers that he was the victim of a crime several days prior when several people were chasing him on the train tracks and ended up following him to several vehicles. MITCHELL said an acquaintance of his gave him a bag that contained the firearm, which he was told to use for protection and admitted that he did not possess a concealed weapons permit. Officer Shealy identified MITCHELL by his South Carolina Identification Card. MITCHELL was transported to the Alvin S. Glenn Detention Center.

5. The firearm recovered from MITCHELL was identified as a .38 caliber Herbert Schmidt revolver firearm, model: HS 38S; serial number 46715. While clearing and securing the firearm, officers determined that six live rounds of ammunition were located in the cylinder



of the firearm. The evidence was secured by Corporal Self of the Columbia Police Department. All body camera footage, in-car camera footage, and firearm evidence have been preserved and secured by law enforcement.

6. I have researched MITCHELL criminal record and have determined that he has multiple prior felony convictions and, thus, is prohibited from possessing a firearm and ammunition. A review of his criminal history shows convictions for the following offenses that carry potential punishments of imprisonment for a term exceeding one year:

   a. An April 21, 1988 State conviction for "Unlawful Possession of a Firearm" in violation of South Carolina Code Section 16-23-0020 and received 2 year confinement sentence, and

   b. An April 21, 1988 State conviction for "Carrying a Pistol" in violation of South Carolina Code Section, and received a 1 year confinement sentence, and

   c. An April 21, 1988 State conviction for "Attempted Burglary 2nd Degree" in violation of South Carolina Code Section 16-11-312 and received a 7 year confinement sentence, and

   d. An April 21, 1988 State conviction for "Breaking into Motor Vehicle" in violation of South Carolina Code Section 16-13-160(1)(2) and received a 5 year confinement sentence, and

   e. An April 21, 1988 State conviction for "Burglary 2nd x 4" in violation of South Carolina Code 16-11-312, and received a 15 year confinement sentence, and

   f. An April 21, 1988 State conviction for Burglary 1st x 3" in violation of South Carolina Code 16-11-311, and received a 15 year confinement sentence, and

   g. An April 21, 1988 State conviction for "Pointing and Presenting x 2" in violation of South Carolina Code 16-23-0410, and received a 10 year confinement sentence

   h. An August 23, 1998 State conviction for "Grand Larceny x 6" in violation of South Carolina Code Section 16-13-0030, and received 10 year confinement, concurrent to each count, and

   i. An May 19, 1999 State conviction for "Attempted Strong Arm Robbery" in violation of South Carolina Code Section 16-11-325, and received a 10 year sentence, suspended upon service of 2 years and 5 years' probation, and



j. An February 23, 2001 State conviction for "Breaking into Auto or Tanks" in violation of 16-13-160(1)(2) and received a 5 year sentence suspended with probation, and

k. An May 15, 2003 State conviction for "Trafficking Cocaine more than 10 grams, less than 28 grams" in violation of 44-53-370(e) and received a 3 year sentence and fined $25,000, concurrent sentence, and

l. An June 27, 2001 State conviction for "Federal Chartered Financial Crime" in violation of 34-3-110(B) and received a 5 year sentence, suspended with 5 year's probation, and

m. An April 14, 2004 State conviction for "Assault upon a Corrections Officer" in violation of 16-3-630 and received a 3 year suspended sentence and 2 year's probation, and

n. An February 9, 2009 State conviction for "Carjacking resulting in Great Bodily Injury" in violation of 16-3-1075(B)(1) and received Life with parole, and

o. An February 9, 2009 State conviction for "Failure to Stop for Blue Lights and Siren" in violation of 56-5-750(B)(1) and received a 3 year concurrent sentence, and

p. An March 3, 2021 State conviction for "Common Law Robbery" in violation of 16-11-325 and received a 7 year sentence, credited 526 days, and

q. An March 3, 2021 State conviction for "Assault and Battery 1st Degree" in violation of 16-3-600(C) and received a 7 year sentence, credited 526 days.

7. By letter received at the ATF Columbia Field Office, 1835 Assembly Street, Suite 309, Columbia, SC on May 26, 2023 Julie Dunn, Records Administrator, South Carolina Department of Probation, Parole, and Pardon Services (SCPPPS), certified that a search of SCPPPS records determined that NORMAN C. MITCHELL Jr. had not received a pardon, as of the date of the letter.

8. ATF Senior Special Agent Richard Brown, hereafter SA Brown, received specialized training from ATF to make determinations on the Interstate Nexus of Firearms and Ammunition. SA Brown routinely makes determinations pertaining to the Interstate Travel, and therefore Nexus, of firearms and ammunition. SA Brown has been qualified as a Firearms and Ammunition Interstate Nexus Expert during trials held in the United States District Court for the District of South Carolina. SA Richard Brown received a request from me for a determination of the international and/or interstate nexus of the



below listed firearm. A .38 caliber Herbert Schmidt Model HS38S Revolver bearing serial number 46715 and marked with Sportarms and German Proof Marks. SA Brown determined that the listed Herbert Schmidt Revolver was made by, or for, Herbert Schmidt Waffenfabrik located in Germany and imported into the United States by Sportarms located in Florida.

9. SA Brown determined that the Herbert Schmidt Revolver listed above is a firearm as defined in Title 18 USC Section 921(a)(3). Furthermore, the foregoing firearm was made outside of South Carolina and therefore has traveled in and affected interstate commerce as defined in Title 18 USC Section 921(a)(2). SA Brown's description and findings are based on information and photos provided by me.

10. Based on the forgoing facts and circumstances, which I believe to be true and accurate to the best of my knowledge, I believe that probable cause exists to support the issuance of an arrest warrant and criminal complaint for NORMAN C. MITCHELL Jr., charging him with Felon in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(1).

This affidavit has been reviewed by AUSA Benjamin N. Garner.

***signature page to follow***



I swear, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
TFO Brian VanHouten
Bureau of Alcohol, Tobacco, Firearms and Explosives


Subscribed to and sworn this 26th day of May, 2023.

Columbia, South Carolina


_____
THE HONORABLE PAIGE JONES GOSSETT
UNITED STATES MAGISTRATE JUDGE